IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RASUL EL-AMIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-19-3453 |
| MGM RESORTS INTERNATIONAL | * | |
| Defendant | * | |

\*\*\*

## ORDER

Plaintiff Rasul El-Amin, who is proceeding in forma pauperis, was ordered to file an Amended Complaint setting forth a factual narrative explaining the basis of his claims against Defendants. As filed, the Complaint provided no dates, did not identify the persons who allegedly unlawfully terminated his employment, failed to accommodate his disability (joint degenerative disease and varicose veins) and retaliated against him, or described the events on which this lawsuit is based. Plaintiff referred only to various documents that he attached to the Complaint, which is insufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). Plaintiff was granted additional time to file an Amended Complaint to cure these deficiencies. ECF No. 3.

Plaintiff's Amended Complaint does not comply with the Court's Order. The Complaint does not provide a narrative or identify the persons who allegedly acted unlawfully or describe the events on which the claims are premised. ECF No. 9. The Amended Complaint, essentially the same as the initial Complaint, provides insufficient information.

The in forma pauperis statute permits an indigent litigant to commence an action in this Court without prepaying the filing fee. 28 U.S.C. § 1915(a)(1). To prevent possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Although the Court must construe liberally the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that a court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented").

The Court's Order directing Plaintiff to supplement the Complaint, noting the deficiencies therein, provided a blueprint for correcting those deficiencies. Upon review of the Amended Complaint, the noted deficiencies have not been corrected and the Complaint must be dismissed. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).

Accordingly, it is this ___2___ day of ~~May~~ June, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The case IS DISMISSED;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE